# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

**KHANI SOLOCHEK,**
**individually and on behalf of**
**all others similarly situated,**

        **Plaintiffs,**                            **CASE NO. 20-cv-346**

    **v.**

**AGAPE HOME HEALTH CARE LLC,**

    **and**

**TRANAISE SCOTT,**

        **Defendants.**

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Plaintiff Khani Solochek, individually and on behalf of the members of the proposed classes identified below, by her attorneys, Larry A. Johnson, Summer H. Murshid, and Timothy P. Maynard of Hawks Quindel, S.C. Plaintiff and the putative classes' members are, or were, hourly Personal Care Workers employed by Defendants Agape Home Health Care LLC and Tranaise Scott (collectively referred to hereinafter as "Agape") at times since March 3, 2017.

2.    Since March 3, 2017, Agape has had common policies and practices that fail to pay Plaintiff Solochek and the putative classes' members at one and one-half times their regular rates of pay for hours worked in excess of forty hours per

workweek. As a result, Agape has denied Plaintiff Solochek and the putative classes' members of overtime pay in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") as well as Wisconsin law.

3. Agape Home Health Care LLC is a home health care agency based in Milwaukee, Wisconsin. Agape Home Health Care LLC is owned and operated by Tranaise Scott.

4. Plaintiff Khani Solochek brings this action, individually and on behalf of other similarly situated current and former hourly Personal Care Workers, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

5. Plaintiff Khani Solochek also brings this action pursuant to FED. R. CIV. P. 23 on behalf of all similarly situated Personal Care Workers for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

7. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Agape has substantial and systematic contacts in this district.

## PARTIES

9. Defendant Agape Home Health Care LLC is a Wisconsin Limited Liability Company with a principal place of business located in Milwaukee, Wisconsin. Agape Home Health Care LLC's registered agent for service of process in the State of Wisconsin is Tranaise Scott located in Menomonee Falls, Wisconsin.

10. Defendant Tranaise Scott ("Scott") is the Chief Executive Officer of Agape Home Health Care LLC. Defendant Scott oversees the day-to-day operations of Agape Home Health Care LLC and has control over all human resources and compensation practices for Agape Home Health Care LLC's employees, including Plaintiff and the putative classes' members.

11. Joinder of Defendants is proper pursuant to FED. R. CIV. P. 20(a)(2) because Plaintiff's rights to relief are asserted against all Defendants and are arising out of the same series of occurrences and common questions of law and fact.

12. Plaintiff Khani Solochek ("Plaintiff Solochek") is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Solochek was formerly employed as a Personal Care Worker by Agape at times since March 3, 2017. Plaintiff Solochek's consent form to bring this action on a collective and class action basis is attached as Exhibit A to this Complaint.

13. Plaintiff Solochek brings this action individually and on behalf of the FLSA Collective Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Collective Class** is defined as follows:

> All persons who are or have been employed by Agape as Personal Care Workers and who were paid on an hourly basis at any time since March 3, 2017.

14. Plaintiff Solochek brings this action individually and on behalf of the Wisconsin Rule 23 Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Rule 23 Class** is defined as follows:

> All persons who are or have been employed by Agape as Personal Care Workers and who were paid on an hourly basis at any time since March 3, 2018.

15. The FLSA Collective Class and the Wisconsin Rule 23 Class are collectively referred to hereinafter as the "Classes."

## GENERAL ALLEGATIONS

16. Plaintiff Solochek and the FLSA Collective Class work, or have worked, for Agape as hourly Personal Care Workers at times since March 3, 2017.

17. Plaintiff Solochek and the Wisconsin Rule 23 Class work, or have worked, for Agape as hourly Personal Care Workers at times since March 3, 2018.

18.     Agape provides home health care services to individuals throughout the greater Milwaukee area.

19.     Since March 3, 2017, Plaintiff Solochek's and the Classes' members' job duties as Personal Care Workers for Agape have included, but not been limited to, feeding, providing medications to, clothing, bathing, dressing, and cleaning for Agape's clients.

20.     Since March 3, 2017, Agape has paid Plaintiff Solochek and the putative Classes' members on an hourly basis for their work for Agape.

21.     Since March 3, 2017, Agape has agreed to pay Plaintiff Solochek and the putative Classes' members at specific hourly rates in exchange for their hours worked under forty per workweek for Agape.

22.     Since March 3, 2017, Agape has required Plaintiff Solochek and the putative Classes' members to record their hours worked for Agape via handwritten timesheets and/or via their phones through a call-in system.

23.     Since March 3, 2017, Agape has regularly suffered or permitted Plaintiff Solochek and the putative Classes' members to work more than forty hours per workweek.

24.     Since March 3, 2017, Agape has had a common policy or practice of failing to pay Plaintiff Solochek and the Classes' members for their hours worked in excess of forty in a given workweek at one and one-half times their respective regular rates.

25. Since March 3, 2017, Agape has known or had reason to know when Plaintiff Solochek and the Classes' members worked in excess of forty hours in a workweek because of Agape's time recording requirements.

26. As a result of the foregoing allegations, Agape improperly failed to pay Plaintiff Solochek and the Classes' members at one and one-half times their respective regular rates for hours worked in excess of forty in many workweeks since March 3, 2017 in violation of the FLSA and Wisconsin wage and hour laws.

27. Agape's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith, and has caused significant damages to Plaintiff Solochek, the Wisconsin Rule 23 Class, and the FLSA Collective Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

28. Plaintiff Solochek and the FLSA Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Agape's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked over forty in a workweek at their respective overtime rates. The claims of Plaintiff Solochek as stated herein are the same as those of the FLSA Collective Class.

29. Plaintiff Solochek and the FLSA Collective Class seek relief on a collective basis challenging Agape's practice of failing to pay employees for all hours worked in excess of forty in a workweek at their mandated overtime rates.

30.     The FLSA Collective Class' members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, email addresses, and mailing addresses are readily available from Agape. Notice can be provided to the FLSA Collective Class via first class mail, text message, and/or email at the contact information available to Agape and through posting at Agape's facility in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

31.     Plaintiff Solochek brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Rule 23 Class for violations occurring on or after March 3, 2018 (the "Wisconsin Rule 23 Class Period").

32.     The proposed Wisconsin Rule 23 Class members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the Parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Agape, upon information and belief, there are over 50 members in the Wisconsin Rule 23 Class.

33.     Plaintiff Solochek's claims are typical of those claims that could be alleged by any member of the Wisconsin Rule 23 Class and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Rule 23 Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of Agape and Agape benefited from the same type of unfair

and/or wrongful acts as to each member of the respective Wisconsin Rule 23 Class. Plaintiff Solochek and the other members of the Wisconsin Rule 23 Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

34.     Plaintiff Solochek is able to fairly and adequately protect the interests of the Wisconsin Rule 23 Class, has no interests antagonistic to the Wisconsin Rule 23 Class, and has retained counsel experienced in complex wage and hour class action litigation.

35.     There are questions of fact and law common to the Wisconsin Rule 23 Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Agape's actions include, without limitation, the following:

a) Whether Agape's failure to compensate Plaintiff Solochek and the Wisconsin Rule 23 Class' members at time and one-half their regular rates for hours worked in excess of forty violates Wisconsin law; and

b) The nature and extent of class-wide injury and the measure of damages for the injury.

36.     A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

37.     The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to

considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended

38.     Plaintiff Solochek, individually and on behalf of the FLSA Collective Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

39.     Since March 3, 2017, Plaintiff Solochek and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

40.     Since March 3, 2017, Agape Home Health Care LLC has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

41.     Since March 3, 2017, Plaintiff Solochek and the members of the FLSA Collective Class have been employees within the meaning of 29 U.S.C. § 203(e).

42.     Since March 3, 2017, Agape Home Health Care LLC has been an employer of Plaintiff Solochek and the FLSA Collective Class as provided under 29 U.S.C. § 203(d).

43.     Since March 3, 2017, Defendant Scott has been an employer of Plaintiff Solochek and the FLSA Collective Class as provided under 29 U.S.C. § 203(d).

44.     Since March 3, 2017, Agape has violated the FLSA by failing to pay overtime compensation due to Plaintiff Solochek and the FLSA Collective Class for each hour worked in excess of forty hours in any given workweek.

45.     Plaintiff Solochek and the FLSA Collective Class are entitled to damages equal to the mandated overtime premium pay for all hours worked over forty in a workweek within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Agape acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

46.     Agape's failure to properly compensate Plaintiff Solochek and the FLSA Collective Class was unjust and not in good faith and, as a result, Plaintiff Solochek and the FLSA Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

47.     Alternatively, should the Court find that Agape did not act willfully in failing to pay overtime premium wages, Plaintiff Solochek and the Collective Overtime Class are entitled to an award of pre-judgment interest at the applicable legal rate.

48.     Pursuant to FLSA, 29 U.S.C. §216(b), Plaintiff Solochek and the FLSA Collective Class are entitled to reimbursement of their costs and attorneys' fees expended in successfully prosecuting this action for unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Overtime Wages

49.     Plaintiff Solochek, individually and on behalf of the Wisconsin Rule 23 Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

50.     Since March 3, 2018, Plaintiff Solochek and the Wisconsin Rule 23 Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

51.     Since March 3, 2018, Plaintiff Solochek and the Wisconsin Rule 23 Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

52.     Since March 3, 2018, Plaintiff Solochek and the Wisconsin Rule 23 Class have been employees within the meaning of Wis. Stat. §§ 104.001 *et seq.*

53.     Since March 3, 2018, Plaintiff Solochek and the Wisconsin Rule 23 Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

54.     Since March 3, 2018, Plaintiff Solochek and the Wisconsin Rule 23 Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

55.     Since March 3, 2018, Agape Home Health Care LLC has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

56.     Since March 3, 2018, Agape Home Health Care LLC has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

57.     Since March 3, 2018, Agape Home Health Care LLC has been an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

58.     Since March 3, 2018, Agape Home Health Care LLC has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

59.     Since March 3, 2018, Agape Home Health Care LLC has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

60.     Since March 3, 2018, Defendant Scott has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

61.     Since March 3, 2018, Defendant Scott has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

62.     Since March 3, 2018, Defendant Scott has been an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

63.     Since March 3, 2018, Defendant Scott has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

64.     Since March 3, 2018, Defendant Scott has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

65.     Since March 3, 2018, Agape has employed, and/or continues to employ Plaintiff Solochek and the Wisconsin Rule 23 Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

66.     Since March 3, 2018, Agape has employed, and/or continues to employ Plaintiff Solochek and the Wisconsin Rule 23 Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

67.     Since March 3, 2018, Agape has employed, and/or continues to employ Plaintiff Solochek and the Wisconsin Rule 23 Class within the meaning of Wis. Stat. §§ 104.001 *et seq.*

68.     Since March 3, 2018, Agape has employed, and/or continues to employ Plaintiff Solochek and the Wisconsin Rule 23 Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

69.     Since March 3, 2018, Agape has employed, and/or continues to employ Plaintiff Solochek and the Wisconsin Rule 23 Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

70.     Since March 3, 2018, Agape had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Rule 23 Class overtime wages for all hours worked in excess of forty hours in a given workweek.

71.     Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

72.     The foregoing conduct, as alleged above, constitutes continuing willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of overtime wages.

73.     As set forth above, Plaintiff Solochek and the Wisconsin Rule 23 Class have sustained losses in their compensation as a proximate result of Agape's violations. Accordingly, Plaintiff Solochek, individually and on behalf of the Wisconsin Rule 23 Class, seeks damages in the amount of their respective unpaid

compensation, injunctive relief requiring Agape to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

74.     Under Wis. Stat. §109.11, Plaintiff Solochek and the Wisconsin Rule 23 Class are entitled to liquidated damages equal to up to fifty percent of their unpaid overtime wages.

75.     Plaintiff Solochek and the Wisconsin Rule 23 Class are entitled to recovery of their attorneys' fees and the costs incurred in this action to be paid by Agape pursuant to Wis. Stat. §109.03(6).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Solochek, individually and on behalf of all members of the FLSA Collective Class and the Wisconsin Rule 23 Class hereby requests the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the FLSA Collective Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Rule 23 Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An order designating Plaintiff Solochek as the Named Plaintiff and as representative of the Wisconsin Rule 23 Class set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Agape's actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations;

g) An Order finding that Agape violated the FLSA and Wisconsin wage and hour law;

h) An Order finding that these violations were willful, dilatory, and unjust;

i) Judgement against Agape in the amount equal to the Plaintiff's, the FLSA Collective Class', and the Wisconsin Rule 23 Class' unpaid wages at the applicable overtime premium rates;

j) An award in the amount of all liquidated damages and civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorney's fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 3rd day of March, 2020.

Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorneys for Plaintiffs


By: _s/Timothy P. Maynard_____

Larry A. Johnson, SBN 1056619
Summer H. Murshid, SBN 1075404
Timothy P. Maynard, SBN 1080953

Hawks Quindel, S.C.
222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email:          ljohnson@hq-law.com
                smurshid@hq-law.com
                tmaynard@hq-law.com